**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MAN, AKA BRENT ALLEN SWALLERS,     ) | |
| ) | |
| Plaintiff,     ) | |
| vs.     ) | No. 1:15-1593-WTL-DML |
| ) | |
| INDIANA DEPARTMENT OF     ) | |
| CHILD SERVICES,     ) | |
| ) | |
| Defendant.     ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The complaint in this action has been dismissed as legally insufficient and the plaintiff was given an opportunity to file an amended complaint. The amended complaint was filed on April 22, 2016. The amended complaint completely replaces the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

The amended complaint drops the original defendants and designates a state agency as the sole defendant. The docket shall be amended to reflect these changes.

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003).

The amended complaint, if filed, was to conform to certain guidelines specified in paragraph 4 of the Entry issued on April 25, 2016. Regrettably, the amended complaint does not comply with those guidelines in important respects. Specifically, the amended complaint does not contain a statement of the grounds upon which the Court's jurisdiction depends, the amended complaint does not contain a plain statement showing that the plaintiff is entitled to relief, the amended complaint does not comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, and the amended complaint does not specify what persons are responsible for the injury the plaintiff alleges.

The injury alleged by the plaintiff is that the defendant state agency took his property on September 24, 2015 and has not returned his property to him. Without identifying the nature of the property, the plaintiff seeks its return and damages of $371,520,000. Even when liberally construed because the plaintiff is proceeding without counsel, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the amended complaint does not state a plausible claim for relief. Three features of the amended complaint establish its insufficiency:

- First, the amended complaint offers "labels and conclusions," and such an effort will not do. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

- Second, "[t]he Eleventh Amendment grants states immunity from private suits in federal court without their consent. An agency of the state receives this same immunity. *Nunez v. Indiana Dep't of Child Servs.*, 2016 WL 1320729, at *1 (7th Cir. Apr. 5, 2016). The nature of the defendant makes it evident that the plaintiff's action is barred by Indiana's Eleventh Amendment immunity and that no waiver of this immunity has occurred. *Id.*

- Third, the nature of the claim shows that there is no actionable claim against the state agency if the plaintiff had a meaningful post-deprivation remedy under Indiana law. The Supreme Court held that an "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *see also Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). The Indiana Tort Claims Act, INDIANA CODE §§ 34-13-3-1 through 13-3-25 (2004), provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Hossman v. Spradlin,* 812 F.2d 1019, 1023 (7th Cir. 1987). Because the plaintiff has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D.Ind. 2008).

For both procedural and substantive reasons, therefore, the plaintiff has pleaded himself out of court by allegations which show that there is no plausible claim for relief in this Court against the defendant state agency based on the alleged deprivation of his "property." The amended complaint as well as the action, therefore, will be dismissed. Any pending motion is **denied.** *Dunn v. Truck World, Inc.,* 929 F.2d 311, 313 (7th Cir. 1991) ("Final judgment necessarily denies pending motions....").

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 5/6/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241